# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

## DOCKETING STATEMENT

Case Name: <u>ODG-OU, LLC, et. al. v. Pierce Property Management, et. al.</u>

Appeal No. (if available): <u>16-6160</u>

Court/Agency Appealing From: <u>United States District Court for the Western District of Oklahoma</u>

Court/Agency Docket No.: <u>CIV-14-229-L</u>   District Judge: <u>The Honorable Tim Leonard</u>

Party or Parties Filing Notice of Appeal/Petition: <u>Pierce Property Management, LLC; The Pierce Company, Inc.; HSRE-PEP I, LLC; HSRE-PEP Crimson Park, LLC; PEP Pathfinder Oklahoma Holdings, LLC; and Frederick W. Pierce, IV</u>

I. **TIMELINESS OF APPEAL OR PETITION FOR REVIEW**

   A. **APPEAL FROM DISTRICT COURT**

   1. Date notice of appeal filed: <u>June 7, 2016</u>

      a. Was a motion filed for an extension of time to file the notice of appeal? If so, give the filing date of the motion, the date of any order disposing of the motion, and the deadline for filing notice of appeal: <u>No.</u>

      b. Is the United States or an officer or an agency of the United States a party to this appeal? <u>No.</u>

   2. Authority fixing time limit for filing notice of appeal:

   Fed. R. App. 4 (a)(1)(A) _____        Fed. R. App. 4(a)(6) _____
   Fed. R. App. 4 (a)(1)(B) _____        Fed. R. App. 4(b)(1) _____
   Fed. R. App. 4 (a)(2)    _____        Fed. R. App. 4(b)(3) _____
   Fed. R. App. 4 (a)(3)    <u>X</u>     Fed. R. App. 4(b)(4) _____

{S348952;3}

Fed. R. App. 4 (a)(4) _____  Fed. R. App. 4(c) _____
Fed. R. App. 4 (a)(5) _____
Other: _____

3. Date final judgment or order to be reviewed was **entered** on the district court docket:

| Dist. Ct. Dkt. No. | Date Entered | Description of Order |
|---|---|---|
| Doc. 248 | April 27, 2016 | Order Granting in part and Denying in Part Defendants' Motion for Attorneys' Fees and Costs Incurred in First Lawsuit |
| Doc. 249 | April 27, 2016 | Judgment |

4. Does the judgment or order to be reviewed dispose of **all** claims by and against **all** parties? *See* Fed. R. Civ. P. 54(b).
   Yes.

**(If your answer to Question 4 above is no, please answer the following questions in this section.)**

   a. If not, did district court direct entry of judgment in accordance with Fed. R. Civ. P. 54(b)? When was this done?
   _____

   b. If the judgment or order is not a final disposition, is it appealable under 28 U.S.C. § 1292(a)? _____

   c. If none of the above applies, what is the **specific** statutory basis for determining that the judgment or order is appealable? _____

5. Tolling Motions. *See* Fed. R. App. P. 4(a)(4)(A); 4(b)(3)(A).

   a. Give the filing date of any motion that tolls the time to appeal pursuant to Fed. R. App. P. 4(a)(4)(A) or 4(b)(3)(A): <u>None</u>

b.  Has an order been entered by the district court disposing of any such motion, and, if so, when? <u>None</u>

6.  Cross Appeals.

   a.  If this is a cross appeal, what relief do you seek beyond preserving the judgment below? *See United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, 633 F.3d 951, 958 (10th Cir. 2011) (addressing jurisdictional validity of conditional cross appeals). <u>Reversal of the District Court's ruling that Fed.R.Civ.P. 41(d) only authorizes an award of "costs," and denying Defendants' request for attorneys' fees pursuant to the same rule.</u>

   b.  If you do not seek relief beyond an alternative basis for affirmance, what is the jurisdictional basis for your appeal? *See Breakthrough Mgt. Group, Inc. v. Chukchansi Gold Casino and Resort*, 629 F.3d 1173, 1196-98 and n. 18 (10th Cir. 2010)(discussing protective or conditional cross appeals). <u>N/A.</u>

B.  **REVIEW OF AGENCY ORDER** (To be completed only in connection with petitions for review or applications for enforcement filed directly with the court of appeals.)

   1.  Date petition for review was filed: _____

   2.  Date of the order to be reviewed: _____

   3.  Specify the statute or other authority granting the court of appeals jurisdiction to review the order: _____

   4.  Specify the time limit for filing the petition (cite specific statutory section or other authority): _____

C. **APPEAL OF TAX COURT DECISION**

1. Date notice of appeal was filed: _____
   (If notice was filed by mail, attach proof of postmark.)

2. Time limit for filing notice of appeal: _____

3. Date of entry of decision appealed: _____

4. Was a timely motion to vacate or revise a decision made under the Tax Courts Rules of Practice, and if so, when? *See* Fed. R. App. P. 13(a) _____

II. **LIST ALL RELATED OR PRIOR RELATED APPEALS IN THIS COURT WITH APPROPRIATE CITATION(S). If none, please so state.**

1. Appeal by Appellants: *ODG-OU, LLC, et al. v. Pierce Property Management, et al.*, Case No. 16-6149, Appeal from the United States District Court of the Western District of Oklahoma, District Court Case No. CIV-14-229-L, The Honorable Tim Leonard

III. **GIVE A BRIEF DESCRIPTION OF THE NATURE OF THE UNDERLYING CASE AND RESULT BELOW.**

This is a re-filed lawsuit involving the original and certain subsequent owners of the Crimson Park Apartments, a modern student housing complex located in Norman, Oklahoma, near the University of Oklahoma ("Crimson Park"). Plaintiff ODG-OU, LLC ("ODG-OU") was the property developer and original owner of Crimson Park, and Plaintiff David Aduddell ("Aduddell") is the manager and one of the members of ODG-OU.

In 2008, ODG-OU obtained a loan from First United Bank and Trust Co. of Durant, Oklahoma ("First United") in the original principal amount of $25,768,000.00. The loan by First United was evidenced by a promissory note, first mortgage, and other loan documents, in addition to being personally guaranteed by Aduddell and other non-parties.

{S348952;3}

In 2009, after struggling to successfully manage Crimson Park and timely service debt and other operational payables, Plaintiffs listed Crimson Park for sale. Shortly after its listing, an affiliate of defendant The Pierce Company, Inc. ("Pierce Company") made an offer to purchase Crimson Park for $28 million, which was rejected by Plaintiffs. Instead, ODG-OU entered into a July 10, 2009 Management Agreement with defendant Pierce Property Management, LLC ("PPM"), an entity affiliated with Pierce Company in the business of managing and operating modern student housing complexes.

Despite significant improvements in the administration and operation of Crimson Park under PPM's management, in Spring 2010 the Plaintiffs and certain of their non-party partners ultimately defaulted on their loan obligations and their personal guarantees. Plaintiffs were unable to refinance their debt with First United or any other lender.. To avoid a foreclosure, Plaintiffs voluntarily entered into a Settlement Agreement with First United on June 3, 2010, conveying Crimson Park to an affiliate of First United in consideration for, among other things, a release from all *in personum* liability related to the First United Loan (in excess of $25 million) and a $500,000 cash payment from First United to Plaintiffs. Plaintiffs held no further interest in Crimson Park after June 3, 2010, when ODG-OU executed and delivered a Special Warranty Deed conveying ownership of Crimson Park to a First United affiliate.

This case has a long and tortured procedural history. Plaintiffs filed their first lawsuit against the Defendants in the District Court of Cleveland County, State of Oklahoma, on May 18, 2012. The case was timely removed to the Western District of Oklahoma by Defendants on June 22, 2012 (*ODG-OU, L.L.C. et al., v. Pierce Property Management LLC, et al.*, Case No. CIV-12-710-L) ("First Lawsuit"). On March 6, 2012, the Court in the First Lawsuit granted a Motion to Compel filed by Defendants after Plaintiffs failed provide initial mandatory disclosures, failed to respond to interrogatories and failed to produce documents. This Motion sought production of the same documents that have been the subject of extensive discovery disputes in the present case on appeal. On March 11, 2012, the First Lawsuit was dismissed without prejudice on the motion of Plaintiffs. Two years later, in March 2014, Plaintiffs re-filed a nearly identical Amended Complaint against the Defendants, commencing the current case on appeal.

On March 2, 2016, Defendants filed their Motion for Attorneys' Fees and Costs Incurred in Fist Lawsuit [Doc. 230], Plaintiffs filed a response [Doc. 239], and Defendants filed a Reply in Support of Their Motion for Attorneys' Fees and Costs Incurred in First Lawsuit [Doc. 242]. Defendants sought recovery from Plaintiffs of both their attorneys' fees and costs incurred in the Fist Lawsuit pursuant to Fed. R. Civ. P. 41(d), which provides: "If a plaintiff who previously

dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied." Defendants argued that the reference to "costs" in Rule 41(d) includes attorneys' fees when attorneys' fees would have been awardable in the underlying action. Defendants demonstrated that there was a contractual basis for an award of attorneys' fees to the prevailing party so that fees from the First Lawsuit were awardable under Rule 41(d).

On April 27, 2016, the District Court entered an Order [Doc. 248] granting Defendants' motion to dismiss the case with prejudice as a sanction for Plaintiffs' serial discovery misconduct and documented disobedience of the District Court's orders. Included within the Court's Order and corresponding Judgment [Doc. 249] was an award of costs, but not attorneys' fees, incurred by the Defendants in the First Lawsuit. In this cross-appeal, Defendants seek reversal of the District Court's Order and Judgment insofar as it denied Defendants an award of their attorneys' fees incurred in the First Lawsuit

## IV. IDENTIFY TO THE BEST OF YOUR ABILITY AT THIS STAGE OF THE PROCEEDINGS, THE ISSUES TO BE RAISED IN THIS APPEAL.

1. On March 2, 2016, Defendants filed their Motion for Attorneys' Fees and Costs Incurred in the First Lawsuit [Doc. 230]. In the Order dismissing the case with prejudice [Doc. 248], the District Court granted Defendants $9,156.90 in costs they incurred in connection with the First Lawsuit. The issue on appeal is whether the District Court erred by denying Defendants' request for attorneys' fees incurred in the First Lawsuit pursuant to Fed.R.Civ.P. 41(d).

## V. ADDITIONAL INFORMATION IN CRIMINAL APPEALS.

A. Does this appeal involve review under 18 U.S.C. § 3742(a) or (b) of the sentence imposed? _____

B. If the answer to A (immediately above) is yes, does the defendant also challenge the judgment of conviction? _____

C. Describe the sentence imposed. _____

D. Was the sentence imposed after a plea of guilty? _____

E. If the answer to D (immediately above) is yes, did the plea agreement include a waiver of appeal and/or collateral challenges?

_____

F. Is defendant on probation or at liberty pending appeal? _____

G. If the defendant is incarcerated, what is the anticipated release date if the judgment of conviction is fully executed?

_____

H. Does this appeal involve the November 1, 2014 retroactive amendments to §§ 2D1.1 and 2D1.11 of the U.S. Sentencing Commission's Guidelines Manual, which reduced offense levels for certain drug trafficking offenses?

_____

**NOTE:** In the event expedited review is requested and a motion to that effect is filed, the defendant shall consider whether a transcript of any portion of the trial court proceedings is necessary for the appeal. Necessary transcripts must be ordered by completing and delivering the transcript order form to the Clerk of the district court with a copy filed in the court of appeals.

{S348952;3}

VI.  **ATTORNEY FILING DOCKETING STATEMENT:**

Name: Rob F. Robertson          Telephone: (405) 235-5500

Firm: GableGotwals

Email Address: rrobertson@gablelaw.com

Address:   One Leadership Square, Ste. 1500
           211 N. Robinson
           Oklahoma City, OK 73102

**PLEASE IDENTIFY ON WHOSE BEHALF THE DOCKETING STATEMENT IS FILED:**

A.     ___  Appellant

       ___  Petitioner

       X    Cross-Appellant

B.     **PLEASE IDENTIFY WHETHER THE FILING COUNSEL IS**

       X    Retained Attorney

       ___  Court-Appointed

       ___  Employed by a government entity

                (please specify_____)

       ___  Employed by the Office of the Federal Public Defender.

_____/s/ RFR_____          _____6-20-2016_____
Signature                           Date

{S348952;3}

**NOTE:** A copy of the final judgment or order appealed from, any pertinent findings and conclusions, opinions, or orders, any tolling motion listed in Fed. R. App. P. 4(a)(4)(A) or 4(b)(3)(A) and the dispositive order(s), any motion for extension of time to file notice of appeal and the dispositive order **must be submitted with the Docketing Statement.**

The Docketing Statement must be filed with the Clerk via the court's Electronic Case Filing System (ECF). Instructions and information regarding ECF can be found on the court's website, www.ca10.uscourts.gov.

## CERTIFICATE OF SERVICE

I, Rob F. Robertson, hereby certify that on June __, 2016, I electronically transmitted the attached Docketing Statement to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF Registrants:

George S. Freedman, OBA No. 15764
Courtney D. Powell, OBA No. 19444
Spencer Fane LLP
1701 South Kelly Avenue
Edmond, Oklahoma 73013
Telephone: (405) 844-9900
Facsimile: (405) 844-9958
Email: gfreedman@spencerfane.com
cpowell@spencerfane.com
**ATTORNEYS FOR
APPELLANTS/CROSS APPELLEES**

Respectfully submitted,

/s/ Rob F. Robertson
Rob F. Robertson, OBA No. 12455
John M. "Jake" Krattiger, OBA No. 30617
Attorneys for Defendants

GABLEGOTWALS
One Leadership Square, Suite 1500
211 N. Robinson Ave.
Oklahoma City, OK 73102-7101
(405) 235-5500 (telephone)
(405) 235-2875 (fax)
E-mail addresses for service:
rrobertson@gablelaw.com
jkrattiger@gablelaw.com
**Attorneys for Appellees/Cross-Appellants**